UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ZYGAJ,

        Petitioner,

v.                               Case Number: 08-CV-11101
                                  Honorable Denise Page Hood

JEFFREY WOODS,

        Respondent.
_____/

## OPINION AND ORDER
## (1) DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS
## AND
## (2) DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED
## ON APPEAL *IN FORMA PAUPERIS*

### I. Introduction

Petitioner Jason Zygaj, a state inmate, currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan,[1] has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) Respondent has not filed an answer to Petitioner's petition. Rather, on September 8, 2008, Respondent filed a motion to dismiss, arguing that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1). (Dkt. # 9.) Petitioner had forty-five days from that date, or until October 23, 2008, in which to file his reply to Respondent's motion. To date, Petitioner has not filed a reply to Respondent's motion. With that in mind, the Court will address Respondent's motion.

For the reasons stated below, the Court agrees with Respondent and therefore dismisses Petitioner's petition for failure to comply with the one-year statute of limitations set forth at 28

---

[1] Petitioner was incarcerated at the Hiawatha Correctional Facility in Kincheloe, Michigan, when he filed the present petition for writ of habeas corpus.

U.S.C. § 2244(d)(1). The Court also declines to issue Petitioner a certificate of appealability and an application for leave to appeal *in forma pauperis*.

## II. Facts and Procedural History

On July 6, 2004, Petitioner pleaded guilty to unarmed robbery, MICH. COMP. LAWS § 750.530, in the Macomb County, Michigan, Circuit Court. For that conviction, on August 23, 2004, Petitioner was sentenced to six-years-three-months-to-fifteen-years imprisonment.

Petitioner filed a delayed application for leave to appeal that decision with the Michigan Court of Appeals, challenging his conviction and sentence on the following grounds:

> I. The trial court abused its discretion in denying [Petitioner's] motion to withdraw his plea when factual basis for the plea was inadequate to convict [Petitioner] of unarmed robbery.
>
> II. [Petitioner] is entitled to re-sentencing when the statutory sentencing guidelines were mis-scored, which affected the sentencing guidelines range.

The Michigan Court of Appeals denied his delayed application on December 8, 2005. *People v. Zygaj*, No. 266285 (Mich.App. Dec. 8, 2005). Subsequently, Petitioner filed an application for leave to appeal from that decision with the Michigan Supreme Court, raising the same claims as raised in the court of appeals. The Michigan Supreme Court denied Petitioner's application on May 30, 2006. *People v. Zygaj*, 475 Mich. 869, 715 N.W.2d 17 (2006).

Following, on March 17, 2008, Petitioner filed a petition for a writ of habeas corpus with this Court, raising the same claims as raised in both state-appellate courts. (Petitioner signed his petition on March 11, 2008.)

## III. Discussion

### A. Statute of Limitations

Respondent argues that Petitioner's petition should be dismissed because it was not timely filed. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the effective date of the Act, April 24, 1996, and imposes a one-year-limitations period on habeas-corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas-corpus relief was filed after April 24, 1996. Therefore, the provisions of the AEDPA, including the limitations period for filing an application for habeas-corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997).

The statute of limitations runs from the latest of: a) the date on which the judgment became final, by the conclusion of direct review, or when time for seeking direct review has expired; b) the date on which any impediment to filing the application was removed by the state, if the applicant was prevented from filing by such state action; c) the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; or d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Concerning § 2244(d)(1)(A) and a state-court-direct appeal, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." SUP. CT. R. 13.

Under § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending is not counted toward any period of limitation contained in the statute. 28 U.S.C. § 2241(d)(2). A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000). However, tolling is effective only when collateral review is properly sought within the limitations period. *Id.*

Concerning a petition for state post-conviction relief, the one-year statute of limitations is tolled during the time period between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner did not file his application for writ of habeas corpus within the statute of limitations. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on May 30, 2006. Petitioner then had ninety days from the Michigan Supreme Court's Order, denying his application for leave to appeal, in which to seek a writ of certiorari with the United States Supreme Court. SUP. CT. R. 13. With regard to the statute of limitations, therefore, his convictions became final on or about August 29, 2006. The limitations period commenced the following day, August 30, 2006, and continued to run uninterrupted until it expired on August 30, 2007. Accordingly, Petitioner was required to file his habeas petition on or before August 30, 2007, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2). Petitioner did not file a state-court

motion for relief from judgment. Thus, the one-year limitations period expired on August 30, 2007.

Here, Petitioner's application for writ of habeas corpus, signed March 11, 2008, was filed almost seven months after the expiration of the one-year statute of limitations. Consequently, Petitioner is barred from habeas corpus relief by the untimely filing of his petition.

### IV.  Conclusion

For the above-stated reasons, the Court finds that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d) and that the statute of limitations precludes federal review of the petition.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal-district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. No appeal is warranted. *Id.*

The Court is satisfied that a reasonable jurist could not find the Court's procedural ruling debatable. No certificate of appealability is warranted. Nor should Petitioner be granted leave to

proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

**ACCORDINGLY**,

**IT IS ORDERED** that Petitioner's petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Court declines to issue Petitioner a certificate of appealability and an application for leave to appeal *in forma pauperis*.

S/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated: December 12, 2008

    I hereby certify that a copy of the foregoing document was served upon counsel of record and Jason Zygaj, Reg. No. 386983, Hiawatha Correctional Facility, 4533 W. Industrial Park Drive, Kincheloe, MI 49786 on December 12, 2008, by electronic and/or ordinary mail.

S/William F. Lewis<br>
Case Manager